GARG GOLDEN LAW FIRM
ANTHONY B. GOLDEN
Nevada Bar No. 9563
PUNEET K. GARG
Nevada Bar No. 9811
DUSTIN L. CLARK
Nevada Bar No. 10548
8880 W. Sunset Road, Suite 275
Las Vegas, Nevada 89148
Tel:   (702) 850-0202
Fax:   (702) 850-0204
Email: agolden@garggolden.com
Counsel for Defendants Vegas Affordable Stone and Tile, Inc.,
Stone Consulting, LLC, and Jedediah Michael Feller

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 HEALTH BENEFITS FUND; TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 VACATION FUND; BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 NEVADA; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL HEALTH FUND; and TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE,<br><br>            Plaintiffs,<br><br>vs.<br><br>COMMERCIAL UNION TILE & STONE, INC., a Nevada corporation; VEGAS AFFORDABLE STONE AND TILE, INC., a Nevada corporation; STONE CONSULTING, LLC, a Nevada limited liability company; JONATHAN WILLIAM CANJA, individually; and JEDEDIAH MICHAEL FELLER, individually,<br><br>            Defendants. | CASE NO.:   2:15-cv-02129-APG-NJK<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs, Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada; Trustees of the Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund; Trustees of the Bricklayers & Allied Craftworkers Local 13 Vacation Fund; Bricklayers & Allied Craftworkers Local 13 Nevada; Trustees of the Bricklayers & Trowel Trades International Pension Fund; Trustees of the Bricklayers & Trowel Trades International Health Fund; and Trustees of the International Masonry Institute (collectively hereinafter "Plaintiffs"), by and through their counsel of record, The Urban Law Firm; and Defendants, Commercial Union Tie & Stone, Inc. and Jonathan Canja by and through their counsel of record, Aquino Law Group, Ltd.; and Defendants, Vegas Affordable Stone and Tile, Inc., Stone Consulting, LLC and Jedediah Michael Feller, by and through their counsel of record, Garg Golden Law Firm, hereby stipulate and request that the Court enter an order protecting the confidential nature of personnel, personal, medical, and benefit information of current and former employees; proprietary and/or other business information not generally known to the public or otherwise reasonably ascertainable by a member of the public, including tax and financial audit documents; payroll information; non-public filings and information provided to local, state, and federal agencies; sensitive information implicating non-party privacy rights, including social security numbers and dates of birth (hereinafter "Confidential Materials").

WHEREAS, the Confidential Materials sought and to be sought by the Parties in this action (the "Litigation") may contain sensitive, confidential, financial, and/or private information as set forth in the preceding paragraph; and

WHEREAS, the Parties wish to proceed with seeking and/or producing Confidential Materials in the course of discovery with suitable assurances of confidentiality to the producing party.

NOW, THEREFORE, in consideration of the mutual promises contained herein and intending to be legally bound hereby, it is stipulated by the Parties that the above-referenced documents will be produced subject to the following provisions:

1. If a Party produces to another Party documents of its own and/or documents secured from non-parties by means of a *subpoena duces tecum* or any other means that contain Confidential

GARG GOLDEN LAW FIRM
8880 W. Sunset Road
Suite 275
Las Vegas, Nevada 89148
(702) 850-0202

Materials as defined above, that a Party may designate a document, or a portion of it, as "Confidential" before producing that document to the other party. Additionally, any non-party that produces documents to any Party pursuant to a *subpoena duces tecum* that contain Confidential Materials as defined above, may designate a document, or a portion of it, as "Confidential" before producing it to the Party. Such designation shall be made by marking, stamping, or typing the words "Confidential" on the document prior to producing the document. Additionally, the Parties or any non-parties subject to a deposition *subpoena* may designate deposition testimony as "Confidential" by orally making this designation on the record either at the commencement of the deposition, at the time the testimony is given or before the end of that day's questioning. Following such designation, the court reporter shall mark "Confidential" on the transcript or portion thereof containing the "Confidential" testimony. Any party or any person or nonparty producing or disclosing Confidential Materials pursuant to the terms set forth herein is referred to as the "Producing Party," and the party or any person or non-party receiving or being given access to Confidential Material is referred to herein as the "Receiving Party."

2.  Confidential Materials, designated as discussed in Paragraph 1, shall be utilized only for the purposes of the Litigation and not be disclosed to any persons other than the Parties to this case, counsel of record for those Parties, attorneys, legal assistants, clerical personnel, or experts employed by them, or other persons to whom disclosure is necessary for purposes of the Litigation, including the Plaintiffs' auditors.

See order concurrently issued herewith.

GARG GOLDEN LAW FIRM
8880 W. Sunset Road
Suite 275
Las Vegas, Nevada 89148
(702) 850-0202

4. If at any time counsel for the Receiving Party believes in good faith that counsel for the Producing Party has unreasonably designated certain Discovery Materials as containing Confidential Material, or believes in good faith that it is necessary to disclose Confidential Material to persons or non-parties, the Receiving Party may make an appropriate motion to the Court requesting that the specific discovery materials be excluded from the provisions of this Protective Order or be made available to other persons or non-parties. Prior to seeking such relief from the Court, the Receiving Party shall first give the Producing Party notice in writing of the disputed discovery materials and the reason for the challenge (or why the other person or non-party should receive or be given access to such Confidential Material). The Producing Party (or non-party that produced such discovery materials) shall then respond in writing stating the reasons for the confidentiality designation and why the discovery materials should be treated as Confidential Material as provided herein (and/or not provided to the proposed other person or non-party to whom disclosure is requested by the Receiving Party). Counsel for the parties shall then meet and confer to attempt to resolve the dispute informally before involving the Court. Until a motion is filed and resolved by Court, all discovery materials designated as containing Confidential Material shall be treated as such in accordance with this Protective Order. If no motion challenging the designation is made, the designation shall continue in full force and effect. Unless a prompt challenge to a designation of any discovery materials as containing Confidential Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of this case, a party does not waive its right to challenge a confidentiality designation by electing not to mount an objection promptly after the original designation is made by a Producing Party or by a person or non-party permitted to receive or be given access to Confidential Material. However, nothing in this Section shall preclude a party to this Protective Order from objecting to another party's challenge on the basis that the challenge was not made within a reasonable time and, therefore, waived.

GARG GOLDEN LAW FIRM
8880 W. Sunset Road
Suite 275
Las Vegas, Nevada 89148
(702) 850-0202

5. Upon completion of the Litigation, either through settlement or after trial and any related appeal, the Parties shall return to the producing party from which the Confidential Materials originated or destroy through a secure and reliable method, all originals and copies made of the Confidential Materials, whether originals or copies are held by the specific Party, their counsel, or their experts, or witnesses that may be testifying on that Party's behalf.

6. Any party to this case who, subsequent to the entry of this Stipulated Protective Order, seeks copies of the Confidential Materials shall be provided the above-referenced documents only after such party agrees to be bound by the terms of this Stipulated Protective Order by signing a copy and providing it to all other parties that have executed it.

7. The Parties agree that any non-party that produces Confidential Materials subject to this protective order has standing to seek relief from the Court to ensure compliance with requirements of this protective order.

8. Nothing in this Stipulated Protective Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

GARG GOLDEN LAW FIRM
8880 W. Sunset Road
Suite 275
Las Vegas, Nevada 89148
(702) 850-0202

9. Nothing in this Stipulated Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Stipulated Protective Order.

Dated: June 28, 2016            **THE URBAN LAW FIRM**

By:     /s/ Nathan R. Ring
Michael A. Urban, Nevada State Bar No. 3875
Nathan R. Ring, Nevada State Bar No. 12078
*Counsel for Plaintiffs*

Dated: June 28, 2016            **AQUINO LAW GROUP, LTD.**

By:     /s/ Aaron A. Aquino
Aaron A. Aquino, Nevada State Bar No. 11772
*Counsel for Defendants Commercial Union Tie & Stone, Inc. and Jonathan Canja*

Dated: June 28, 2016            **GARG GOLDEN LAW FIRM**

By:     /s/ Anthony B. Golden
Anthony B. Golden, Nevada State Bar No. 9563
Dustin L. Clark, Nevada State Bar No. 10548
*Counsel for Defendants Vegas Affordable Stone and Tile, Inc., Stone Consulting, LLC and Jedediah Michael Feller*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: June 29, 2016

GARG GOLDEN LAW FIRM
8880 W. Sunset Road
Suite 275
Las Vegas, Nevada 89148
(702) 850-0202