# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 13 DEFINED CONTRIBUTION PENSION TRUST FOR SOUTHERN NEVADA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL UNION TILE & STONE, INC., *et al.*, <br><br> Defendants. | Case No. 2:15-cv-02129-APG-NJK <br><br> ORDER |

The plaintiffs filed a motion for summary judgment against defendants Commercial Union Tile & Stone, Inc.; Vegas Affordable Stone and Tile, Inc.; and Jonathan William Canja. ECF No. 54. With respect to defendant Canja, the plaintiffs argued that unpaid contributions are trust assets when the governing trust agreements identify them as such, and Canja is an ERISA fiduciary with respect to those assets because he controlled whether Commercial Union made the due and owing contributions. They asserted Canja breached his fiduciary duties by not making the required contributions and instead paying his own personal expenses out of Commercial Union accounts.

I ruled that of the six plaintiff trust funds, only one's declaration contains language similar to that which courts have found clearly and expressly identifies unpaid contributions as plan assets. Consequently, I ruled in favor of the Bricklayers & Allied Craftworkers Local 13 Vacation Fund (Local 13 Vacation Fund) against Canja. However, as to the other funds, the plaintiffs either did not provide the trust declaration or the provided trust declarations' language was "facially ambiguous and not anchored by the clear, shared intent of the parties." ECF No. 84 at 7 (quotation omitted). Consequently, I denied summary judgment against Canja with respect to the other plaintiff funds. I also ordered that the plaintiffs (other than the Local 13 Vacation Fund)

show cause why judgment should not be entered in favor of Canja. Only two of the plans responded to argue that judgment should not be entered against them: the Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund and the International Masonry Institute. These two funds argue that they previously had obtained a default judgment against Canja, so he knew the funds interpreted the plans to impose fiduciary obligations over unpaid contributions. They assert that Canja thereafter signed the collective bargaining agreement, which provided that Canja agreed to the trustees' interpretations of the governing documents. The trusts thus argue Canja knowingly agreed to be a fiduciary over unpaid contributions with respect to these two plans.

Additionally, the Local 13 Vacation Fund moves for attorney's fees and costs against Canja under 29 U.S.C. § 1132(g)(1). The Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund and the International Masonry Institute also seek fees and costs against Canja if I grant judgment in their favor.

### A. Trust Funds That Did Not Respond

The following trust funds did not respond to my order to show cause: the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada; the Bricklayers & Trowel Trades International Pension Fund; and the Bricklayers & Trowel Trades International Health Fund. I therefore grant judgment in favor of Canja against these plaintiffs.

### B. Local 13 Health Benefits Fund and International Masonry Institute

The Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund and the International Masonry Institute have presented evidence raising an issue of fact that precludes the entry of judgment in Canja's favor. These two funds have presented evidence that Canja agreed to subject himself to the possibility of fiduciary liability because he knew how the funds interpreted their plans, he knew a court had interpreted the plans to allow for fiduciary liability to be imposed, and he nevertheless agreed to the collective bargaining agreement, which bound him to the trustees' interpretations of their plans. However, because the declarations are ambiguous, and because the prior court order resulted from a default judgment, there remain questions of fact about the parties' intentions regarding Canja's fiduciary status, particularly because ambiguous

contracts are construed against the drafter. *Anvui, LLC v. G.L. Dragon, LLC*, 163 P.3d 405, 407 (Nev. 2007) (stating contractual ambiguities are construed against the drafter and the "parties' intentions regarding a contractual provision present a question of fact"). Consequently, I will not grant judgment in Canja's favor against these two funds, but I also will not grant judgment in these funds' favor.

### C. Attorney's Fees Against Canja for Local 13 Vacation Fund

The Local 13 Vacation Fund prevailed against Canja on summary judgment. It now seeks attorney's fees and costs under 29 U.S.C. § 1132(g)(1). There was no request for fees against Canja under § 1132(g)(1) in the original motion for summary judgment. Instead, the funds sought fees under § 1132(g)(2). *See* ECF No. 54.

Final judgment has not been entered in this case. Thus, the request for fees under §1132(g)(1) is not untimely. *See* LR 54-14(a).

Section 1132(g)(1) provides that a court may, in its discretion, award reasonable attorney's fees and costs. To be eligible for fees, the requesting party must have "achieved some degree of success on the merits." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1120 (9th Cir. 2010) (quotation omitted). If so, then I must consider the so-called "*Hummell*" factors in exercising my discretion under § 1132(g)(1). *Id.* at 1121. The *Hummel* factors include:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

The Local 13 Vacation Fund prevailed on summary judgment. It thus achieved success and is eligible to obtain a fee award. The *Hummel* factors support a fee award. It is unclear whether Canja can satisfy a fee award, although the trust expresses the belief that he can do so.

ECF No. 90 at 5. I view this factor as neutral, as I am without any information to evaluate his ability to pay.

All of the other factors support a fee award. Canja is culpable because, as stated in my prior order, he paid personal expenses out of Commercial Union accounts but did not direct contributions to the fund even though he could have done so. ECF No. 84 at 8. A fee award may deter other fund fiduciaries from not making required contributions. The Local 13 Vacation Fund sought to benefit all plan participants whose contributions went unpaid. Finally, the fund obtained judgment in its favor and Canja did not oppose the summary judgment motion. Because all but one of the *Hummel* factors favor a fee award, I grant Local 13 Vacation Fund's request for attorney's fees and costs against Canja. Local 13 Vacation Fund has proposed a means of apportioning the fees and costs based on the percentage of contributions due to the fund vis-à-vis the other plaintiff funds. I find that allocation reasonable and I direct Local 13 Vacation Fund to prepare a proposed form of judgment.

### D. Conclusion

IT IS THEREFORE ORDERED that the clerk of court shall enter judgment in favor of defendant Jonathan William Canja and against plaintiffs Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for Southern Nevada; Bricklayers & Trowel Trades International Pension Fund; and Bricklayers & Trowel Trades International Health Fund.

IT IS FURTHER ORDERED that issues of fact remain as between plaintiffs Bricklayers & Allied Craftworkers Local 13 Health Benefits Fund and the International Masonry Institute and defendant Jonathan William Canja. A proposed joint pretrial order regarding the remaining disputes is due 30 days from the date of this order.

IT IS FURTHER ORDERED that on or before September 29, 2017, plaintiff Bricklayers & Allied Craftworkers Local 13 Vacation Fund shall file a proposed form of judgment on attorney's fees and costs against defendant Jonathan William Canja.

DATED this 20th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE